IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00483-RPM

EDWARD C. LAWRENCE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

ORDER FOR REVERSAL AND REMAND
_____

    The application for Disability Insurance Benefits under Title II of the Social Security Act filed by Edward C. Lawrence on February 2, 2006, alleging disability as of September 22, 2005, was denied based on the decision of an Administrative Law Judge (ALJ), dated May 30, 2007, after a hearing held on March 15, 2007.  The ALJ found that Mr. Lawrence retained the residual functional capacity to perform work at all exertional levels with restrictions from indoor work with minimal dust, smoke and fumes and work that does not require acute hearing.  Accordingly, he was not precluded from past relevant work as an accountant.

    Because the ALJ gave only minimal weight to the evaluations of the two treating physicians and gave "significant weight" to the report of a non-physician Single Decision Maker (SDM), mischaracterized as being a physician, the decision is fundamentally flawed and must be reversed on judicial review under 42 U.S.C. § 405 (g).

    Mr. Lawrence was born June 23, 1948.  In his application he alleged that he has been unable to work since September 22, 2005 due to asthma, bronchitis, sinusitis, hearing loss, vision problems and kidney problems, R. 54-56.  The ALJ agreed that the applicant has severe

impairments from asthma and hearing loss, R. 21.

Dr. William W. Storms, M.D., who has been treating Mr. Lawrence since 1976, seeing him monthly for asthma, chronic sinusitis and chronic bronchitis, submitted on Asthma Residual Functional Capacity Questionnaire, dated March 12, 2007, R. 323-328.  Dr. Storms wrote that Mr. Lawrence had daily asthma attacks with symptoms severe enough to make him incapable of tolerating work stress, even "low stress" jobs, requiring unscheduled breaks 6-8 times a day and requiring him to be absent more than four days per month.  Dr. Storms also listed stomach upset and dizziness as side effects of the many medications prescribed for this patient and identified functional limitations on sitting, traveling, walking, lifting, standing, crawling and climbing.

Dr. Alain Eid, another physician treating Mr. Lawrence for severe asthma, for exacerbation of his asthma, also submitted his responses to the same form of questionnaire with somewhat different assessments, R. 199-204.  Dr. Eid identified the precipitating factors for episodes of acute bronchitis and episodes of acute asthma.  He opined that Mr. Lawrence could tolerate low stress jobs but found exertional limitations on sitting, standing and walking with a need for unscheduled breaks once or twice a day and estimated likely absences of three days per month.  Dr. Eid also describes vision problems and hearing loss as limitations.

The ALJ essentially disregarded these assessments, saying that they were inconsistent with the medical records and the claimant's report of daily activities.  The ALJ said that Dr. Storm's responses were "entirely at odds with Dr. Storm's own treatment notes", R. 28.  In commenting on those treatment notes and the medical records generally, the ALJ was selective in choosing those indicating improvements after treatment of acute disorders.  He failed to acknowledge the longitudinal treatment history of the claimant's respiratory impairments.  The

SDM made the same error in concluding that the asthma was "controlled with proper use of meds", R. 193.  There is no basis for her finding that Mr. Lawrence has been non-compliant other than an isolated incidence in February, 2006.

The plaintiff claims that the ALJ should have found that his asthma and respiratory limitations equaled the listed impairment for chronic obstructive pulmonary disease.  That claim cannot be decided by this court.  The ALJ gave only conclusory reasons for his findings at Step 3 and he did not make any specific findings from the medical record.  It is significant that the ALJ did not acknowledge treatment with antibiotics, one of the relevant factors.

The ALJ found the claimant's testimony to be "not entirely credible", R. 24.  The treating physician accepted this patient's statements on their diagnosis and treatment of him.  Both doctors opined that their patient was not a malingerer, R. 200, 324.

The ALJ did not identify the physical and mental demands of the claimant's past occupation as an accountant and therefore had no basis for the finding that he could perform it.

Because the ALJ failed to give inadequate consideration to the application, it is

ORDERED, that the decision is reversed and this matter is remanded to the Commissioner for further proceedings to evaluate Mr. Lawrence's claim of disability.

DATED: September 24th , 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge